IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GINA D. CORRIERI, | : | |
| | : | CIVIL NO. 4:05-CV-0511 |
| Plaintiff | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| JOANNE B. BARNHART, | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM AND ORDER**

### October 3, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On July 29, 2003, the plaintiff, Gina D. Corrieri ("Plaintiff" or "Corrieri"), filed an application for disability insurance benefits ("DIB") alleging an inability to work since May 4, 2002, due to bilateral carpal tunnel syndrome, cervilegia, neck pain, anxiety and depression. Her claims were initially denied. An administrative hearing was held on September 3, 2004. Plaintiff was denied benefits by the Administrative Law Judge ("ALJ") on October 4, 2004. (Rep. & Rec. at 4).

On January 28, 2005 Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the decision of the ALJ the "final decision" of the Commissioner. 42 U.S.C. § 405(g).

Plaintiff filed an action in the United States District Court for the Middle District of Pennsylvania on March 11, 2005.  The case was referred to United States Magistrate Judge J. Andrew Smyser for preliminary review.

On August 11, 2005, Magistrate Judge Smyser issued a report recommending that Plaintiff's appeal from the decision of the Commissioner of Social Security be remanded as he found that the ALJ did not require the Commissioner to prove by a preponderance of the evidence that the Plaintiff can perform substantial gainful activity other than her past relevant work.  (Rep. & Rec. at 10).  Defendant filed objections to the Magistrate Judge's Report and Recommendation on August 26, 2005. (Rec. Doc. 11).  The matter is therefore ripe for disposition.

**FACTUAL BACKGROUND:**

The evidence of record establishes that Plaintiff is a forty-seven (47) year old high school graduate who previously held a banking data entry position.  She stopped working because she was experiencing shocks and numbness in her arms, hands and neck, attributable to carpal tunnel syndrome ("CTS").  Plaintiff had previously held secretarial and customer service positions in banks and a retirement home.  Most recently, Plaintiff worked as a Mary Kay products salesperson.  Plaintiff also reports high levels of stress and anxiety.

As a result of her CTS, Plaintiff's daily activities are limited. Computer work causes numbness, tingling and shooting pains in her upper extremities. Presently, Plaintiff can sit for forty minutes and can do computer work for one half hour to forty minutes. She can walk two and one half miles and can lift five pounds comfortably. Plaintiff also engages in cooking, light gardening, shopping and traditional household chores, including laundry.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1); Local Rule 72.3l. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

We have plenary review of all legal issues. See Schaudeck v. Com'r of

Social Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).  However, our review of the administrative law judge's findings of fact pursuant to 42 U.S.C. § 405(g) is to determine whether those findings are supported by "substantial evidence."  Factual findings which are supported by substantial evidence must be upheld.  See e.g., Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

     Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706, n9 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951).  Therefore, a reviewing court must scrutinize the record as a whole.  See Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); see also Dobrowolosky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).  In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."  Consolo v. Federal Maritime Commission, 383 U.S. 607,

619-20 (1966).

The Commissioner utilizes a sequential evaluation process in evaluating disability insurance and supplemental security income claims.  <u>See</u> 20 C.F.R. § 404.1520 and 416.920.  This process requires the Commissioner to consider, in sequence, whether a claimant (1) engaged in substantial gainful activity after the onset of the alleged disability, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past work and (5) if not, whether he or she can perform other work in the national economy.

As the Magistrate Judge noted, the instant action was ultimately decided at the fifth step when the ALJ determinated that Commissioner had not proven by a preponderance of the evidence that the Plaintiff, despite her inability to perform her past relevant work, can perform other work.  (Rep. & Rec. at 11).

**<u>DISCUSSION</u>:**

Defendant's central objection to Magistrate Smyser's report is that the Magistrate improperly placed a burden of proof on the Commissioner to show by a preponderance of the evidence that Plaintiff retained the residual functional capacity ("RFC") to perform other work in the national economy.  Defendant argues that Corrieri's RFC is the "most" she can still do despite her limitations and

the Plaintiff has the burden of proving her RFC at the fourth step of the five-step sequential evaluation process.  Defendant further argues that the case law of the Third Circuit clearly holds that only a burden of <u>production</u> to show the existence of jobs which the claimant can perform given her RFC and vocational profile shifts to the Commissioner at the fifth-step of the evaluation process.

     Our review of the current case law of the Third Circuit indicates that Defendant's application of the burden-shifting structure in the five-step sequential evaluation process is accurate, and that Magistrate Smyser improperly assigned a preponderance of the evidence standard to the Defendant where such a burden was not warranted.  As the Third Circuit Court of Appeals has repeatedly held, in the final step of the evaluation process, "the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability." <u>Jones v. Barnhart</u>, 364 F. 3d 501, 503 (3d Cir. 2004)(<u>quoting</u> <u>Plummer v. Apfel</u>, 186 F. 3d 422, 428 (3d Cir. 1999).

     In order to deny benefits at step five of the sequential analysis, the ALJ must find that there are "other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional

capacity." Plummer, 186 F. 3d at 428.  To be sure, a burden of production is a lesser standard than preponderance of the evidence.[1]  Generally, the Commissioner satisfies her burden of production at step five by producing evidence of jobs available in the national economy that can be performed with the claimant's RFC and vocational profile. See id. (citing Podedworny v. Harris, 745 F. 2d 210, 218 (3d Cir. 1984)).  "The ALJ will often seek the assistance of a vocational expert at this fifth step." Id. (citing Podedworny, 745 U.S. at 218).

It appears to us from the record that the ALJ did apply the appropriate burden-shifting structure to the five-step sequential evaluation when denying Plaintiff benefits.  The Commissioner satisfied its burden of production of showing that Plaintiff could perform other available work by presenting the testimony of Mr. James Paddock, a vocational expert.  Mr. Paddock testified that Plaintiff could perform jobs different types in the state and national economies, including hotel clerk, counter clerk, order clerk and sales clerk.  He also testified that the aggregate amount of these jobs was over five thousand.  (TR. 19).  As the previously discussed case law indicates, the Commissioner may satisfy its burden of production on the fifth step of the evaluation through the testimony of a vocational

---

[1] We note that throughout the course of the five-step sequential evaluation process, the claimant retains the burden of persuasion to prove that she is disabled within the four corners of the law.  See Bowen v. Yuckert, 482 U.S. 137, 146 (1987).

expert. Therefore, we find that Magistrate Judge Smyser erred when requiring the Commissioner to prove by a preponderance of the evidence that Plaintiff could perform other work and that the Commissioner satisfied the burden of production through the testimony of the vocational expert.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Magistrate Judge Smyser's Report and Recommendation (doc. 10) is rejected in its entirety.

2. Plaintiff's appeal of the decision of the Commissioner of Social Security is denied.

3. The Clerk is directed to close the file on this case.

s/ John E. Jones III
John E. Jones III
United States District Judge
